IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOOMER DEVELOPMENT, LLC,** *et al.*, | : | CIVIL ACTION NO. 1:16-CV-1414 |
| | : | |
| | : | (Chief Judge Conner) |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES,** | : | |
| | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Plaintiffs Boomer Development, LLC, Sierra's Glen Partners II, Sierra's Glen Partners V, LP, Cotswold Homes, LLC, Skywatch Group, Davis Contracting and Development, Inc., Biltmore Development, LLC, Bloomfield Construction, Inc., Thomas Dostal Developers, Inc., and Concord Development Company, LLC allege that defendant National Association of Home Builders of the United States ("NAHB") presented, endorsed, and defended a prime bank scheme orchestrated by North Star Finance, LLC ("North Star") to its members. Plaintiffs paid substantial fees to North Star to secure construction financing that never materialized. Before the court is NAHB's motion (Doc. 10) to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). FED. R. CIV. P. 12(b)(2)-(3), (b)(6). NAHB seeks dismissal for, *inter alia*, lack of personal jurisdiction and improper venue. (See Docs. 10-11). For the reasons that follow, the court will deny the motion to dismiss and transfer these proceedings to the United States District Court for the District of Columbia.

I.  **Factual Background & Procedural History**

NAHB is a nonprofit trade association incorporated in Nevada, with its principal place of business in Washington, D.C. (Doc. 1-13 ¶ 1; Doc. 11 at 7). The ten plaintiffs have their principal places of business in eight different states. (Doc. 1-13 ¶¶ 1-8; Doc. 11 at 8). The principal place of business of two plaintiffs, Sierra's Glen Partners II and Sierra's Glen Partners V, LP, is located in Highspire, Pennsylvania. (Doc. 1-13 ¶ 2). Between 2013 and 2014, NAHB entered into an agreement with North Star to provide loans to NAHB customers. (Id. ¶ 13). All plaintiffs finalized agreements with North Star for financing, and all purportedly incurred damages when North Star did not disburse the promised loans. (Id. ¶¶ 30-119).

Plaintiffs commenced this action in the Court of Common Pleas for Dauphin County on December 7, 2015. (Doc. 1-2 at 2). After the state court denied pre-complaint discovery requests, (see Doc. 1-11), plaintiffs filed its complaint on June 21, 2016, advancing claims for intentional misrepresentation, negligent misrepresentation, breach of fiduciary duty, and fraudulent inducement. (See Doc. 1-13 ¶¶ 120-141). NAHB timely removed the action to the Middle District of Pennsylvania. (Doc. 1). On August 1, 2016, NAHB filed the instant motion to dismiss. (Doc. 10). The motion is fully briefed (Docs. 11, 20, 22-2) and ripe for disposition.

II. **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a complaint for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). In

ruling on a Rule 12(b)(2) motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences supported by the well-pleaded factual allegations in the plaintiff's favor. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002); Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992). The court's review is not limited to the face of the pleadings, as consideration of affidavits submitted by the parties is both appropriate and required. See Carteret Sav. Bank, 954 F.2d at 146.

Even though the plaintiff bears the ultimate burden of proving personal jurisdiction over a defendant, Mellon Bank (East) PSFS Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992), the plaintiff need not make such a showing at the pleading stage of litigation. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). To survive a motion to dismiss, the plaintiff must merely allege sufficient facts to establish a *prima facie* case of jurisdiction over the defendant. Id.; Carteret Sav. Bank, 954 F.2d at 142 n.1.

Rule 12(b)(3) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss for improper venue. FED. R. CIV. P. 12(b)(3). When venue is improper, a district court must dismiss the action or, if in the interest of justice, transfer the action to a district in which it could have been brought. 28 U.S.C. § 1406(a). The party moving for dismissal based on improper venue "has the burden of proving the affirmative defense." Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982). When considering a motion to dismiss for improper venue, the court must generally accept as true the allegations in the pleadings and must

view the facts in the light most favorable to the nonmoving party. Heft v. AAI Corp., 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (citing Pinker, 292 F.3d at 368).

### III. Discussion

The court must resolve two preliminary issues prior to considering the merits of the matter *sub judice*. First, the court must determine whether it may exercise personal jurisdiction over NAHB. Second, the court must discern whether the Middle District of Pennsylvania is the proper venue for this action. The court will address these issues *seriatim*.

#### A. Personal Jurisdiction

NAHB argues that it does not have sufficient minimum contacts with Pennsylvania to justify the court's exercise of personal jurisdiction. (Doc. 11 at 10-13; Doc. 22-2 at 9-15). NAHB further avers that it did not purposefully direct its actions toward the two Pennsylvania plaintiffs, nor did any of its activities occur in Pennsylvania. (Doc. 22-2 at 15-17). Plaintiffs respond by articulating NAHB's contacts with Pennsylvania, alleging that they are sufficient to establish personal jurisdiction and that two employees of NAHB directed their activities toward the Pennsylvania plaintiffs. (Doc. 20 at 16-20).

A federal court may assert jurisdiction over a nonresident of the forum state to the extent authorized by the law of the forum. See FED. R. CIV. P. 4(k)(2). The Pennsylvania Long-Arm Statute grants jurisdiction coextensive with that permitted by the Due Process Clause of the Fourteenth Amendment. 42 PA. CONS. STAT. § 5322(b). Thus, "the statutory assessment of jurisdiction collapses into the

constitutional one." Clark v. Matsushita Elec. Indus. Co., 811 F. Supp. 1061, 1065 (M.D. Pa. 1993).

The court's constitutional inquiry is guided by the "minimum contacts" test established in International Shoe Co. v. Washington, 326 U.S. 310 (1945). Under this standard, the plaintiff must show that the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316 (internal quotations and citation omitted); see also Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007). The focus of the minimum contacts analysis is "the relationship among the defendant, the forum, and the litigation," Shaffer v. Heitner, 433 U.S. 186, 204 (1977), such that the defendant has fair warning that he may be subject to suit in that forum. Marten, 499 F.3d at 296. Physical presence within the forum state is not required to establish personal jurisdiction over the nonresident defendant. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

A federal court must possess one of two forms of personal jurisdiction to comport with these principles. See D'Jamoos *ex rel.* Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414-15 (1984)). General jurisdiction allows a court to exercise its jurisdiction over any party that possesses "continuous and systematic" contacts with the forum state, regardless of whether the claim results from the party's forum-related activities. Helicopteros, 466 U.S. at 415 n.9; Marten, 499 F.3d at 296. Specific jurisdiction, on the other hand, allows the court to hear claims that arise from or relate to the party's contacts with the forum state. Helicopteros, 466

U.S. at 414 n.8; Telcordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 177 (3d Cir. 2006).

    **1.**    *General Jurisdiction*

NAHB argues that it does not have continuous and systematic contacts with Pennsylvania. (Doc. 11 at 16-18; Doc. 22-2 at 9-15). Specifically, NAHB contends that less than four percent of its members are Pennsylvania residents, dues collected from members in Pennsylvania represent on average 1.6 percent ($908,000) of annual revenue, NAHB does not employ Pennsylvanian residents, very little income is generated by online sales in Pennsylvania, and no educational programs, organization meetings, or seminars are held in Pennsylvania. (Doc. 21-1 ¶¶ 3-6; Doc. 22-2 at 10-14). *Per contra*, plaintiffs submit that the number of NAHB members in Pennsylvania and the amount of revenue generated by their dues are significant. (Doc. 20 at 15). According to plaintiffs, NAHB is continuously active in Pennsylvania through various local affiliates and student groups, NAHB sells documents through the internet to Pennsylvania residents, and NAHB offers training and educational programs in Pennsylvania. (Id. at 15-18).

The Third Circuit Court of Appeals has not addressed the specific issue of exercising general personal jurisdiction over a trade association. Absent such guidance, district courts in the Third Circuit have evaluated a trade association's jurisdictional contacts by looking to: (1) the number of members residing in Pennsylvania; (2) amount of membership dues paid by Pennsylvania members; (3) revenue from and presence of publication materials in Pennsylvania; and (4) the involvement of Pennsylvania residents in the association's meetings, as well as the

number of association meetings in Pennsylvania. See Wright by Wright v. Sherwin-Williams Co., 708 F. Supp. 705, 707 (W.D. Pa. 1989); Arnstein v. Mfg. Chemists Ass'n, Inc., 414 F. Supp. 12, 14 (E.D. Pa. 1976). Other district courts have also weighed these factors in their analyses of the applicability of general personal jurisdiction to trade associations. See Amazon.com, Inc. v. Nat'l Ass'n of Coll. Stores, Inc., 826 F. Supp. 2d 1242, 1252 (W.D. Wash. 2011); Indian Head Inc. v. Allied Tube & Conduit Corp., 560 F. Supp. 730, 731 (S.D.N.Y. 1983). Courts emphasize that if a high percentage of the association's members reside in Pennsylvania and the association holds meetings or educational symposia in Pennsylvania, these factors are significant. See Skinner v. Flymo, Inc., 505 A.2d 616, 622-23 (Pa. Super. 1986); see also Arnstein, 414 F. Supp. at 14.

The court finds that NAHB's contacts in Pennsylvania do not rise to the level of "continuous and systematic" for purposes of general personal jurisdiction. See Helicopteros, 466 U.S. at 416. First, the respective percentages of members deemed significant in Arnstein and Wright were ten percent and between five and ten percent. See Arnstein, 414 F. Supp. at 14; Wright, 708 F. Supp. at 706. Only four percent of NAHB's members are Pennsylvania residents. (Doc. 11-1 ¶ 4). This factor weighs against the court exercising personal jurisdiction. Second, the amount of dues revenue may be considered substantial, as other courts have found amounts less than $908,000 a "large amount." See Skinner, 505 A.2d at 622-23 (collecting cases). NAHB asserts that $908,000 is, on average, 1.6 percent of NAHB's annual revenue, and thus insubstantial when viewed in context. (Doc. 22-2 at 9). The court disagrees, finding that $908,000 in dues constitutes substantial

7

Pennsylvania-based revenue and therefore weighs in favor of exercising personal jurisdiction.

NAHB argues that online sales from its publications have been insignificant from 2014 to date and thus fail to provide support in favor of personal jurisdiction. (See Doc. 22-3 ¶¶ 6-8). Plaintiffs posit that NAHB regularly sells construction documents and contracts online to Pennsylvania residents, demonstrating business contacts with Pennsylvania. (Doc. 20 at 18). Courts have weighed the presence of publications in Pennsylvania, such as educational materials or newsletters, in favor of personal jurisdiction. See Arnstein, 414 F. Supp. at 14; Wright, 708 F. Supp. at 707. But based on evidence submitted to the court, no such material is widely distributed in Pennsylvania. (Doc. 22-3 ¶¶ 6-8; Doc. 22-2 at 13). No "large sums of money" were obtained by the sale of publications in Pennsylvania. Skinner, 505 A.2d at 623; (Doc. 22-3 ¶¶ 6-8). The NAHB online sales in Pennsylvania therefore do not qualify as continuous and systematic contacts for purposes of personal jurisdiction.[1]

Finally, NAHB avers that it does not hold organizational meetings or educational workshops in Pennsylvania, which weighs against a finding of regular contacts. See Arnstein, 414 F. Supp. at 14; (Doc. 22-2 at 14). Plaintiffs direct the court to NAHB's By-Laws to demonstrate that NAHB has local chapters and student chapters in Pennsylvania that hold regular meetings. (Doc. 20 at 16-17).

---

[1] Plaintiffs assert that NAHB purposefully availed itself of the benefits of Pennsylvania by selling online into the state, (Doc. 20 at 18), but this argument is inapposite. "Purposeful availment" does not apply to the general jurisdiction calculus. See Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1122-23 (W.D. Pa. 1997).

Plaintiffs also state that NAHB offers training and educational programs in Pennsylvania through its affiliate, the Homebuilders Institute. (Id. at 18). The court is unpersuaded. These organizations and NAHB are not one and the same. NAHB's local chapters, student chapters, and the Homebuilders Institute may be affiliated entities, but each is a separate legal entity. (Doc. 22-2 at 11, 14; Doc. 22-3 ¶¶ 3-5, 10). Plaintiffs offer no evidence that these organizations are "de facto [] a single, organic entity." In re Chocolate Confectionary Antitrust Litig., 602 F. Supp. 2d 538, 569 (M.D. Pa. 2009). The court will not impute the contacts attributed to these separate entities to NAHB.[2] NAHB itself does not have any employees in Pennsylvania and does not hold meetings in Pennsylvania. (Doc. 22-2 at 9, 14). Consequently, there is no basis for personal jurisdiction upon consideration of this factor. Weighing all factors together, the court finds that NAHB has not continuously and systematically done business in Pennsylvania. Although it is a rather close call, the court concludes that it cannot exercise general personal jurisdiction over NAHB.

    2. *Specific Jurisdiction*

NAHB argues that the court cannot exercise specific jurisdiction when NAHB's only contacts with the Commonwealth of Pennsylvania are telephone communications between two NAHB employees and the principal of two plaintiffs,

---

[2] This comports with the recent decision of the Supreme Court, Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014), which rejected general jurisdiction based solely on the presence of a foreign corporation's subsidiaries in a forum. Id. (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 927-928 (U.S. 2011)).

Ian Casteneira. (Doc. 22-2 at 16). Plaintiffs argue that NAHB squarely directed its business at Pennsylvania because of these communications. (Doc. 20 at 20).

To determine whether the court has specific jurisdiction over a party, the court considers the following three factors: (1) whether the party purposefully directed its activities at the forum; (2) whether the causes of action arise out of or relate to at least one of those activities; and (3) if the first two requirements are met, whether the exercise of jurisdiction otherwise comports with fair play and substantial justice. See D'Jamoos, 566 F.3d at 102; Marten, 499 F.3d at 296; O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007). Mere informational communications for the purpose of forming a contract do not establish purposeful activity necessary for personal jurisdiction. See Remick v. Manfredy, 238 F.3d 248, 256-57 (3d Cir. 2001); Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75 F.3d 147, 152 (3d Cir. 1996).

The court finds that NAHB did not actively pursue a business relationship with any plaintiffs and did not purposefully direct its business at Pennsylvania. Purposeful availment contemplates "more entangling contacts than . . . mere 'informational communications.'" Remick, 238 F.3d at 256. NAHB did not seek out Casteneira; Casteneira requested information from the NAHB. (Doc. 20 at 20; Doc. 22-2 at 16). Moreover, NAHB did not form a contract with Casteneira; its employees referred him to North Star. (Doc. 1-13 ¶¶43-53; Doc. 20 at 20). These facts indicate that the communications were merely informational. The court therefore cannot exercise specific personal jurisdiction over NAHB.

10

**B.     Transfer of Venue**

The court finds that a dismissal pursuant to Civil Procedure Rule 12(b)(2) would not be in the interest of justice.  The court will *sua sponte* address the issue of transfer of venue to remedy the lack of personal jurisdiction.

A district court may transfer a case to another district "in the interest of justice" under 28 U.S.C. § 1631 if the court finds that "there is a want of jurisdiction" and the transferee court is one in which the action "could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.  It is longstanding policy in the Third Circuit to transfer cases to a proper forum when personal jurisdiction is in doubt.  See Schwilm v. Holbrook, 661 F.2d 12, 15 (3d Cir. 1981); Societe Nouvelle Generale de Promotion v. Kool Stop Int'l, Inc., 633 F. Supp. 153, 155 (E.D. Pa. 1985).  "[T]he interest of justice may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962) (internal quotations omitted).  If a court lacks personal jurisdiction, it may enact transfer under § 1631 to avoid such damaging technicalities.  See Horgos v. Regions Bank, No. 08-1210, 2009 WL 763431, at *6-7 (W.D. Pa. Mar. 19, 2009) (citing Renner v. Lanard Toys, Ltd., 33 F.3d 277, 284 (3d Cir. 1994); Lawman Armor Corp. v. Simon, 319 F. Supp. 2d 499, 506 (E.D. Pa. 2004).

The court concludes that transfer under § 1631 is appropriate in the instant case.  See Lawman, 319 F. Supp. 2d at 506 (quoting Goldlawr, 369 U.S. at 467).  Given that the defendant's principal place of business is in the District of Columbia,

the court concludes that there is jurisdiction over the defendant in the United States District Court for the District of Columbia.  See D.C. CODE ANN. § 13-422 (West 2016).  Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b)(1), which states that an action may be brought in a judicial district where the defendant resides.  See 28 U.S.C. §§ 1391(b)(1), (c)(2); (Doc. 11-1 ¶ 2).  Therefore, the court will transfer this action to the United States District Court for the District of Columbia.

IV.   **Conclusion**

The court will deny NAHB's motion and transfer this proceeding to the United States District Court for the District of Columbia.  An appropriate order shall issue.

> /S/ CHRISTOPHER C. CONNER
> Christopher C. Conner, Chief Judge
> United States District Court
> Middle District of Pennsylvania

Dated:    November 4, 2016